Erik S. Johnson, ISB # 4704
Jennifer Giuttari, ISB # 10008
Idaho Legal Aid Services, Inc.
1104 Blaine Street
Caldwell, Idaho 83605
Phone: (208) 454-2591, Ext. 1404; (208) 336-8980, Ext. 1503
Fax:     (208) 454-2593
Email: erikjohnson@idaholegalaid.org
         jennifergiuttari@idaholegalaid.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SABINO LEIBAR, | ) | Case No. 1:17-cv-415 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ANCHUSTEGUI, JANE | ) | COMPLAINT FOR DAMAGES |
| ANCHUSTEGUI, ANCHUSTEGUI | ) | AND INJUNCTIVE RELIEF |
| SHEEP COMPANY, JA PROPERTIES, | ) | |
| LLC, J A PROPERTIES BOISE, LLC, | ) | JURY TRIAL DEMANDED |
| J A MOTORS, LLC, J A LAND & | ) | |
| LIVESTOCK, LLC, and J A CATTLE | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

SABINO LEIBAR ("Plaintiff") files this complaint against JOHN ANCHUSTEGUI

("Defendant"), JANE ANCHUSTEGUI ("Defendant"), ANCHUSTEGUI SHEEP COMPANY

("Defendant"), JA PROPERTIES, LLC ("Defendant"), J A PROPERTIES BOISE, LLC

("Defendant"), J A MOTORS, LLC ("Defendant"), J A LAND & LIVESTOCK, LLC

("Defendant"), and J A CATTLE COMPANY, LLC ("Defendant") and alleges as follows:

COMPLAINT- PAGE 1

## I. <u>INTRODUCTION</u>

1. This is an action for damages and injunctive relief brought on behalf of Plaintiff, a farmworker, who worked for Defendant agricultural employers for 36 years. Plaintiff alleges that Defendants violated his rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Federal Insurance Contributions Act, 29 U.S.C. §§ 3101 *et seq.* ("FICA"), the Idaho Claims for Wages law, I.C. §§ 45-601 *et seq.*, and the Idaho Minimum Wage law, I.C. §§ 44-1501 *et seq.*

2. Plaintiff also alleges that Defendants breached their employment contract with the Plaintiff, that Defendants were unjustly enriched at Plaintiff's expense, and that Defendant John Anchustegui intentionally inflicted emotional distress upon Plaintiff.

3. Plaintiff is a farmworker who worked for Defendants from 1981 until May 2017 as a sheepherder and ranch hand in Idaho. He worked solely as a ranch hand for at least the last ten years of his employment.  Plaintiff stopped working for Defendants on May 2, 2017 because Defendants stopped paying Plaintiff his wages in 2009, did not allow him access to medical care, and did not provide him with adequate food. Despite the rural location of the ranch, Defendants prohibited Plaintiff from obtaining a driver's license, which prevented him from being able to freely leave the ranch during the 36 years that he worked for Defendants.

4. After Defendants stopped paying Plaintiff his wages in 2009, Defendants made only three partial payments of wages to Plaintiff. These payments represent only a small fraction of the wages Defendants owe Plaintiff since 2009.

5. Pursuant to FLSA, Defendants owe Plaintiff $263,984.40 in minimum wages from January 1, 2009 to May 2, 2017. To date, Defendants have only paid Plaintiff $46,000.00 in wages for his work for this time period.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. §§ 201 *et seq.* (FLSA), and 29 U.S.C. §§ 1801 *et seq.* (AWPA).

7. Plaintiff respectfully requests that this Court exercise its 28 U.S.C. § 1367 supplemental jurisdiction over Plaintiff's claims arising under state law as these claims are so related to the federal claims that they form part of the same case or controversy.

8. Personal jurisdiction over Defendants is proper because they are domiciled in the District of Idaho, and because this case arises from Defendants' wrongful conduct in Idaho.

9. Venue in the District of Idaho is proper under 28 U.S.C. § 1391(b) and L.R. 3.1, and because Defendants reside in the district, and the events giving rise to these claims occurred in the district. Additionally, Defendant corporations are deemed to reside in this district under 28 U.S.C § 1391(c) as they are subject to the personal jurisdiction in this district.

## III. PARTIES

10. Plaintiff Sabino Leibar resides in Idaho. He is a citizen of Spain and maintains his permanent place of residence in Spain. He is a lawful permanent resident in the United States. He worked for Defendants from 1981 to May 2, 2017 in the state of Idaho.

11. Defendant John Anchustegui is an individual residing in Idaho.

12. Defendant Jane Anchustegui is an individual residing in Idaho.

13. At all times relevant to this complaint, Defendants John and Jane Anchustegui have been doing business in Idaho under the name of Defendant Anchustegui Sheep Company.

COMPLAINT- PAGE   3

14. Defendant JA Properties, LLC, was a limited liability corporation registered in Nevada and Idaho and doing business in Idaho from November 8, 2004 to February 10, 2015.

15. Defendant J A Properties Boise, LLC, was a limited liability corporation registered in Idaho and doing business in Idaho from February 14, 2012 to May 14, 2014.

16. Defendant J A Motors, LLC, was a limited liability corporation registered in Idaho and doing business in Idaho from February 10, 2012 to May 14, 2014.

17. Defendant J A Land and Livestock, LLC, was a limited liability corporation registered in Idaho and doing business in Idaho from February 10, 2012 to May 14, 2014.

18. Defendant J A Cattle Company, LLC, was a limited liability corporation registered in Idaho and doing business in Idaho from December 23, 2003 to March 10, 2006.

## IV. STATEMENT OF FACTS

19. At all times relevant to this complaint, Plaintiff was a migrant agricultural worker within the meaning of 29 U.S.C § 1802(8)(A), or in the alternative, was a seasonal agricultural worker within the meaning of 29 U.S.C. § 1802(10)(A).

20. At all times relevant to this complaint, Plaintiff was required to be absent overnight from his permanent place of residence, and he lived in employer housing provided by Defendants on Defendants' ranch.

21. At all times relevant to this complaint, Plaintiff was employed by Defendants in agricultural employment of a seasonal or other temporary nature within the meaning of 29 U.S.C § 1802(8)(A), or in the alternative, within the meaning of 29 U.S.C. § 1802(10)(A), in that he performed seasonal or other temporary work including lambing, breeding of animals, tending the ranch garden, and irrigating, and moved from one seasonal activity to another throughout the year.

COMPLAINT- PAGE   4

22. At varying times between 2009 and 2017, Defendant John Anchustegui has been an owner, operator, and/or manager of Defendants Anchustegui Sheep Company, JA Properties, LLC, J A Properties Boise, LLC, JA Motors, LLC, J A Land and Livestock, LLC, and J A Cattle Company, LLC. During all times relevant to this Complaint, he has obtained grazing permits and subsidies from the U.S. Department of Agriculture to support Defendants' livestock operation.

23. At varying times between 2009 and 2017, Defendant Jane Anchustegui has been an owner, operator and/or manager of Defendants Anchustegui Sheep Company, JA Properties, LLC, J A Properties Boise, LLC, JA Motors, LLC, J A Land and Livestock, LLC, and J A Cattle Company, LLC. During all times relevant to this Complaint, she has obtained grazing permits and subsidies from the U.S. Department of Agriculture to support Defendants' livestock operation.

24. At all times relevant to this complaint, Defendants John and Jane Anchustegui have been doing business in Idaho under the name of "Anchustegui Sheep Company," and have obtained, under the name of Anchustegui Sheep Company, clearance orders and visas from the United States government to import seasonal and temporary farmworkers to work for their livestock operation under the H-2A provisions of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(a). Defendants John and Jane Anchustegui have not registered Anchustegui Sheep Company as a corporation in Idaho or Nevada.

25. Defendant JA Properties, LLC, was a limited liability corporation registered in Nevada and Idaho from November 8, 2004, when it was formed, until it was administratively canceled on February 10, 2015. Defendants John and Jane Anchustegui have owned, operated, and/or managed this corporation, used it to run their livestock operation, and done business in Idaho under this company name since November 8, 2004.

COMPLAINT- PAGE  5

26. Defendant J A Properties Boise, LLC, was a limited liability corporation registered in Idaho from February 14, 2012, when it was formed, until it was administratively dissolved on May 14, 2014.  Defendants John and Jane Anchustegui have owned, operated, and/or managed this corporation, used it to run their livestock operation, and done business in Idaho under this company name since February 14, 2012.

27. Defendant J A Motors, LLC, was a limited liability corporation registered in Idaho from February 10, 2012, when it was formed, until it was administratively dissolved on May 14, 2014.  Defendants John and Jane Anchustegui have owned, operated, and/or managed this corporation, used it to run their livestock operation, and done business in Idaho under this company name since February 10, 2012.

28. Defendant J A Land and Livestock, LLC, was a limited liability corporation registered in Idaho from February 10, 2012, when it was formed, until it was administratively dissolved on May 14, 2014.  Defendants John and Jane Anchustegui have owned, operated, and managed this corporation, used it to run their livestock operation, and done business in Idaho under this company name since February 10, 2012.

29. Defendant J A Cattle Company, LLC, was a limited liability corporation registered in Idaho from December 23, 2003, when it was formed, until it was administratively dissolved on March 10, 2006. Defendants John and Jane Anchustegui have owned, operated, and managed this corporation, used it to run their livestock operation, and done business in Idaho under this company name since December 23, 2003. They continued to do business under the name of this company after the company was dissolved, including using this company to transfer real property in Owyhee County from the company name to their own individual names on February 29, 2012.

30. Hereinafter in this complaint, references to the Defendants include all the Defendants named in this complaint.  The factual allegations concerning Defendants John and Jane Anchustegui concern all times relevant to this complaint.  The factual allegations against Defendants JA Properties, LLC, J A Properties Boise, LLC, J A Motors, LLC, J A Land & Livestock, LLC, Anchustegui Sheep Company and J A Cattle Company, LLC concern the times described above when such companies were incorporated and/or doing business in Idaho and/or Nevada.

31. At all times relevant to this complaint, Defendants have employed employees, within the meaning of FLSA, 29 U.S.C. § 203, who engaged in commerce and/or handled, sold, or worked on goods and materials, including livestock, that have been moved in or produced for interstate commerce, or were produced for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

32. At all times relevant to this complaint, Defendants were agricultural employers within the meaning of AWPA, 29 U.S.C. § 1802(2).

33. At all times relevant to this complaint, Plaintiff engaged in agricultural employment within the meaning of AWPA, 29 U.S.C. § 1802(3).

34. In 1981, Defendants offered, and Plaintiff accepted, agricultural employment to work on Defendants' ranch.

35. Defendants employed Plaintiff from 1981 to May 2nd, 2017.

36. Defendants paid wages to Plaintiff for the work he did for them up to the end of 2008.  In the spring of 2009, the Defendants paid Plaintiff his wages for 2008 in the amount of $16,800.00. Defendants paid Plaintiff's wages at the same time they issued Plaintiff a W2 and completed Plaintiff's federal income tax return on his behalf.  After spring 2009, Defendants

stopped paying wages to Plaintiff. This coincided with the beginning of Plaintiff's receipt of Social Security retirement benefits.

37. For 2008, the last year in which Defendants paid Plaintiff his wages for the entire year, Defendants paid Plaintiff $16,800.00 for the year, which equates to $1,400.00 per month. The Defendants' payment of these wages created a contract and "working arrangement" (as defined by AWPA, 29 U.S.C. §§ 1822(c) and 1832(c), and the AWPA implementing regulations) for wages for 2009 and subsequent years for a minimum of $16,800.00 per year or $1,400.00 per month.

38. Since 2009, Plaintiff repeatedly requested that Defendants pay him his wages. In response, Defendants falsely promised to pay Plaintiff his wages at a later date. Plaintiff remained on the job in the hopes that Defendants would keep their promise to pay him the entire balance of the wages Defendants owed him.

39. Defendants made three payments on the balance of wages they owed Plaintiff from 2009 through 2017. On August 29, 2013, Defendants paid Plaintiff $24,000.00. On or about May 7, 2015, Defendants paid Plaintiff $10,000.00. On November 15, 2016, Defendants paid Plaintiff $12,000.00. The three payments equaled $46,000.00.

40. Going back at least as far as 2008, Plaintiff worked for Defendants on average at least twelve hours per day, seven days per week, and 365 days per year. On many days of the year, especially during lambing season, Plaintiff worked in excess of twelve hours per day.

41. When Defendants recruited Plaintiff, Defendants failed to disclose in writing in Spanish or Basque the terms and conditions of employment, as required by AWPA, 29 U.S.C. §§ 1821(g) and 1831(f).

42. Plaintiff was at all times ready to comply with the terms of the working arrangement and the contract, and the Plaintiff did in fact comply with the terms of the working arrangement and the contract.

43. Defendants violated, without cause, their working arrangement, as prohibited by AWPA, 29 U.S.C. §§ 1822(c) and 1832(c), and breached their contract with Plaintiff by not complying with all the terms and conditions of employment that the Defendants promised to the Plaintiff.

44. Plaintiff suffered injury as a result of Defendants' violation of the working arrangement and breach of contract.

45. Defendants paid Plaintiff less than the minimum wage per hour required by FLSA, 29 U.S.C. §§ 201 *et seq.*, and the Idaho Minimum Wage law, I.C. §§ 44-1501 *et seq.*

46. The Defendants' failure to pay Plaintiff the federally mandated hourly minimum wage was a willful violation of FLSA, 29 U.S.C. § 255(a).

47. The Defendants failed to post the FLSA required minimum wage poster informing workers of their rights under FLSA, 29 U.S.C. § 211; 29 CFR § 516.4.

48. The Defendants failed to make, keep, and preserve pay records for each pay period for Plaintiff as required by the AWPA, 29 U.S.C. §§ 1821(d)(1) and 1831(c)(1), and the Idaho Claims for Wages law, I.C. § 45-610.

49. Defendants failed to provide to Plaintiff for each pay period an itemized pay statement showing all of the information required to be maintained in the payroll records pursuant to AWPA, 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2).

50. Defendants knowingly provided false and misleading information to Plaintiff regarding the terms and conditions of Plaintiff's employment, as prohibited by AWPA, 29 U.S.C

§§ 1821(f) and 1831(e), including, but not limited to, the false promise to pay wages owed and to pay taxes pursuant to the Federal Insurance Contributions Act (FICA), 26 U.S.C. §§ 3101 *et seq.*, out of Plaintiff's wages.

51. Defendants failed to post in a conspicuous place at the place of Plaintiff's employment a poster in Spanish or Basque setting forth Plaintiff's rights and protections under AWPA, 29 U.S.C. §§ 1821(b) and 1831(b).

52. Defendants failed to report Plaintiff's earnings to the Internal Revenue Service and the Social Security Administration. Defendants also failed to pay the Social Security taxes that Defendants owed on account of Plaintiff's labor, as required by AWPA, 29 U.S.C §§ 1821(f) and 1831(e), and FICA, 29 U.S.C. §§ 3101 *et seq.* This failure occurred in 2001, 2002, 2004, 2005, 2006, and 2009 through 2017.

53. As a result of this failure, Plaintiff has been and continues to be deprived of the credits to which he is entitled under the Social Security system for the labor he performed in Defendants' employ.

54. Defendants failed to pay Plaintiff's wages when due as required by AWPA, 29 U.S.C. §§ 1822(a) and 1832(a), and the Idaho Claims for Wages law, I.C. § 45-608.

55. Defendant John Anchustegui engaged in extreme and outrageous conduct towards the Plaintiff.

56. Defendant John Anchustegui's extreme and outrageous conduct described herein includes, but is not limited to, the failure to allow Plaintiff access to medical care, the failure to provide Plaintiff with adequate food, and the failure to allow Plaintiff the opportunity to leave the ranch to obtain medical care and food.

57. Plaintiff suffered from severe osteoarthritis in his back, high blood pressure, and high cholesterol. In 2010 Defendant John Anchustegui took Plaintiff to the nearest doctor, who was located 32 miles away in Mountain Home, Idaho. The doctor prescribed medications for Plaintiff, and recommended that he receive regular follow-up treatment for his conditions. Because of the doctor's recommendation, the following month and on other occasions after that, Plaintiff asked Defendant to take him back to the doctor for follow up and to obtain medications. Each time, Defendant refused to transport Plaintiff so that he could obtain medical care, or allow him to leave the ranch on his own.

58. During his employment, Defendant John Anchustegui failed to provide Plaintiff with food on a regular basis, and he did not allow Plaintiff the opportunity to leave the ranch to obtain food. As a result, Plaintiff often went hungry. At the beginning of each month, Defendant would provide Plaintiff and the other ranch workers a food supply that would last for about fifteen to twenty days. After Plaintiff and the workers consumed the initial food supply, they would have very little or nothing to eat for the rest of the month. Plaintiff and the other workers on the ranch had no practical way to go shopping at the nearest town, Grand View, which was six or seven miles away.

59. During his employment, Plaintiff asked Defendant John Anchustegui on numerous occasions to be allowed to leave the ranch to obtain a driver's license so that he would have the ability to drive to Mountain Home and Grand View in order to obtain medical care and food. Defendant refused to allow him to leave the ranch to obtain a driver's license.

60. During his years of employment on Defendants' ranch, on the numerous occasions Plaintiff asked Defendant John Anchustegui to take him to Mountain Home or Grand View to obtain medical care and food, Defendant told him to figure it out on his own. Plaintiff had no

COMPLAINT- PAGE 11

practical way to get to Grand View because it was six or seven miles away from the ranch, and he did not have a driver's license or access to a car. Mountain Home is about 32 miles away from the ranch. On rare occasions Plaintiff and other workers on the ranch in the same situation were able to purchase rides from men not working on the ranch, but such rides were difficult to arrange and very infrequent.

61. During the time Plaintiff worked for Defendants, three workers died while working for the Defendants, either from lack of access to medical care, or in an attempt to walk away from the ranch. One worker tried to leave the ranch by walking to Grand View or Mountain Home in the winter, and froze to death. Two workers died as a result of heart conditions and a lack of access to medical care. As a result of these deaths, and the fact that he was not allowed to leave the ranch to access medical care to address his serious health conditions, Plaintiff suffered severe emotional distress as he was afraid he might suffer severe consequences from being unable to see a doctor to monitor his health conditions.

62. By his extreme and outrageous conduct, Defendant John Anchustegui intentionally or recklessly caused severe emotional distress to Plaintiff.

63. Defendant John Anchustegui engaged in a pattern of conduct intended to cause or recklessly cause Plaintiff severe emotional distress.

64. As a result of Defendant John Anchustegui's conduct, Plaintiff suffered and continues to suffer severe emotional distress, including but not limited to, loss of sleep, stress, anxiety, anger, feelings of loss of dignity and self-worth, and feelings of isolation and detachment.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

65. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

66. From January 1, 2009 to May 2, 2017, Plaintiff was employed by Defendants within the meaning of FLSA, 29 U.S.C §§ 201 *et seq.*

67. From January 1, 2009 to May 2, 2017, Defendants violated FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiff at least the federally mandated minimum wage. The federal minimum wage from January 1, 2009 to July 23, 2009 was $6.55 per hour. Since July 24, 2009, the federal minimum wage has been $7.25 per hour.

68. As a consequence of Defendants' violations of his rights under FLSA, Plaintiff is entitled to his unpaid minimum wages, plus an additional equal amount in liquidated damages, and costs of court, pursuant to FLSA, 29 U.S.C. § 216(b).

69. At twelve hours per day, 365 days per year or 366 days per leap year, Defendants owe Plaintiff $263,984.40 in minimum wages from January 1, 2009 to May 2, 2017.

### SECOND CLAIM FOR RELIEF: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

70. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

71. The Defendants intentionally violated Plaintiff's rights under AWPA, 29 U.S.C §§ 1801 *et seq., inter alia,* by:

    a. knowingly providing false and misleading information to the Plaintiff regarding the terms and conditions of employment;

COMPLAINT- PAGE 13

      b. failing to comply with the terms of the working arrangement;

      c. failing to pay Plaintiff wages owed to him when due;

      d. failing to make, keep, and preserve pay records, and failing to provide Plaintiff with pay statements with the information required by AWPA;

      e. and failing to post in a conspicuous place at the Plaintiff's place of employment a poster setting forth the Plaintiff's rights and remedies under AWPA.

72. For each violation of AWPA, Plaintiff is entitled to recover his actual damages or up to $500.00 per violation in statutory damages, 29 U.S.C. § 1854(c).

73. Plaintiff is also entitled under AWPA, 29 U.S.C. §§ 1822(c), 1832(c), and 1854(c) to injunctive relief requiring the Defendants to report Plaintiff's earnings to the Internal Revenue Service and Social Security Administration so that Plaintiff may receive credit with the Social Security Administration for labor performed under Defendants' employ. In the absence of such injunctive relief, Plaintiff has suffered, and continues to suffer harm for which he has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

74. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

75. Defendants entered into an employment contract with Plaintiff to pay him a minimum of at least $1,400.00 per month to work as a ranch hand.

76. Defendants breached the contract of employment into which they entered with Plaintiff by failing to comply with the promised terms and conditions of employment.

77. As a direct consequence of Defendants' breach of the employment contract, Plaintiff suffered substantial injury.

78. Defendants are liable to Plaintiff for actual, incidental, and consequential damages. The payment of a minimum of $1,400.00 per month from January 1, 2009 to May 2, 2017 would total $140,000.00.

**FOURTH CLAIM FOR RELIEF: IDAHO CLAIMS FOR WAGES LAW**

79. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

80. Defendants failed to pay Plaintiff wages when due as required by Idaho Code §§ 45-601 *et seq.*

81. Pursuant to the Idaho Claims for Wages law, Plaintiff is entitled to three times the amount of wages owed, plus all costs and attorney fees reasonably incurred in connection with the proceeding.

82. Plaintiff worked for Defendants on average at least twelve hours per day, every day of the year since January 1, 2009. The state and federal minimum wage from January 1, 2009 to July 23, 2009 was $6.55 per hour. Since July 24, 2009, the state and federal minimum wage has been $7.25 per hour.

83. At twelve hours per day, 365 days per year or 366 days per leap year, Plaintiff is owed $263,984.40 in minimum wages from January 1, 2009 to May 2, 2017. Pursuant to the Idaho Claims for Wages law, he is entitled to three times that amount.

**FIFTH CLAIM FOR RELIEF: IDAHO MINIMUM WAGE LAW**

84. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

85. From January 1, 2009 to May 2, 2017, the Defendants violated Idaho Code §§ 44-1502 *et seq.* by failing to pay Plaintiff at least the state mandated minimum wage. The state

minimum wage from January 1, 2009 to July 23, 2009 was $6.55 per hour. Since July 24, 2009, the state minimum wage has been $7.25 per hour.

86. As a consequence of Defendants' violations of his rights under the Idaho Minimum Wage Law, Plaintiff is entitled to his unpaid minimum wages from Defendants.

87. At twelve hours per day, 365 days per year or 366 days per leap year, Plaintiff is owed $263,984.40 in minimum wages from January 1, 2009 to May 2, 2017.

## SIXTH CLAIM FOR RELIEF: CONTRACT IMPLIED IN LAW/ UNJUST ENRICHMENT

88. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

89. Plaintiff conferred a benefit to Defendants by laboring in their employ, with a value to be determined at trial.

90. Defendants appreciated the benefits conferred upon them by Plaintiff's work.

91. Plaintiff conferred this benefit upon Defendants at his own expense, because he was unable to perform other work for the benefit of himself or of other employers while working for Defendants, and Defendants did not compensate him for the full value of his labor.

## SEVENTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiff incorporates by reference and re-alleges all the preceding paragraphs of this complaint as though fully set forth herein.

93. Defendant John Anchustegui engaged in extreme and outrageous conduct toward the Plaintiff.

94. Defendant John Anchustegui's extreme and outrageous conduct described herein includes, but is not limited to, the failure to allow the Plaintiff access to medical care, the failure to provide Plaintiff with adequate food, and the failure to allow Plaintiff the opportunity to leave the ranch to obtain proper medical care and food.

95. By his extreme and outrageous conduct, Defendant John Anchustegui intentionally or recklessly caused severe emotional distress to the Plaintiff.

96. Defendant John Anchustegui engaged in a pattern of conduct intended to cause or recklessly cause Plaintiff severe emotional distress.

97. Defendant John Anchustegui's conduct was willful, wanton and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him the following:

A. declaring that Defendants violated FLSA and awarding Plaintiff his unpaid minimum wages, plus an equal amount as liquidated damages, for the Defendants' violations of FLSA;

B. declaring that Defendants violated AWPA, and awarding Plaintiff his actual damages, or, alternatively, statutory damages of $500.00 per violation for Defendants' violations of AWPA;

C. awarding injunctive relief pursuant to AWPA requiring Defendants to report Plaintiff's earnings to the Internal Revenue Service and Social Security Administration so that Plaintiff may receive credit with the Social Security Administration for labor performed under Defendants' employ;

D. declaring that Defendants breached their contract with Plaintiff and awarding him his actual, incidental, and consequential damages resulting from Defendants' breach of contract;

COMPLAINT- PAGE 17

E. declaring that Defendants violated the Idaho Claims for Wages law and awarding the Plaintiff three times the amount of wages owed, plus all costs and attorney fees reasonably incurred in connection with the proceeding, pursuant to the Idaho Claims for Wages law;

F. declaring that Defendants violated the Idaho Minimum Wage law and awarding the Plaintiff his unpaid minimum wages pursuant to the Idaho Minimum Wage law;

G. awarding Plaintiff the value of his labor under the claim for a contract implied in law and unjust enrichment;

H. awarding Plaintiff compensatory damages for emotional distress;

I. awarding Plaintiff costs, expenses, reasonable attorney fees, and pre- and post-judgment interest, as allowed by law;

J. awarding Plaintiff such other and further relief the Court deems just and proper.

Dated this 6th day of October, 2017.

/s/ Erik Johnson
Erik Johnson
Attorney for Plaintiff

/s/ Jennifer Giuttari
Jennifer Giuttari
Attorney for Plaintiff

COMPLAINT- PAGE 18

## VERIFICATION

STATE OF IDAHO        )
                      ) ss
COUNTY OF CANYON  )

I, Sabino Leibar, being duly sworn, state as follows:

I am the Plaintiff in the above entitled action. The complaint has been read to me and I know the facts contained therein to be true and complete to the best of my knowledge and belief.

_Sabino Leibar_
Sabino Leibar

SUBSCRIBED AND SWORN to before me this __4th__ day of __October__, 2017.



_M. Delia Gonzalez_
NOTARY PUBLIC FOR IDAHO
Residing at __Caldwell__
My commission expires __3/1/2022__

COMPLAINT- PAGE 19