Brian K. Julian – ISB No. 2360
Andrea J. Fontaine – ISB No. 7175
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:    (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:       bjulian@ajhlaw.com
              ajfontaine@ajhlaw.com

Attorneys for Defendants John Anchustegui
    and Jane Anchustegui

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SABINO LEIBAR,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN ANCHUSTEGUI, JANE ANCHUSTEGUI, ANCHUSTEGUI SHEEP COMPANY, JA PROPERTIES, LLC, JA PROPERTIES BOISE, LLC, JA MOTORS, LLC, JA LAND & LIVESTOCK, LLC, and JA CATTLE COMPANY, LLC,<br><br>    Defendants. | Case No. 1:17-CV-00415-REB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |

  **COME NOW** Defendants John Anchustegui and Jane Anchustegui, by and through their counsel of record, Anderson, Julian & Hull, LLP, and by way of answer to Plaintiff's Complaint, admit, deny and aver as follows:

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND
DEMAND FOR JURY TRIAL - 1

**FIRST DEFENSE**

The Complaint and each and every count contained therein fails to set forth a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

## I. INTRODUCTION

1. Paragraph 1 of the Complaint is an introductory paragraph and contains conclusions of law. To the extent Paragraph 1 alleges factual allegations against Defendants, Defendants deny the same.

2. Defendants deny Paragraph 2 and specifically deny that Defendants had an employment contract with Plaintiff, that Defendants were unjustly enriched or that John Anchustegui intentionally inflicted emotional distress. Defendants further aver that John Anchustegui provided a salary, room and board, transportation, a private garden and a full-time cook for Plaintiff, even after Plaintiff ceased working as a sheepherder.

3. Regarding Paragraph 3, Defendants admit Plaintiff was a farmworker who worked for John Anchustegui from 1981 until May 2009 as a sheepherder and ranch hand in Idaho but deny that Plaintiff worked as a sheepherder after he began receiving Social Security benefits in 2009. Defendants deny Plaintiff worked solely as a ranch hand for at least the last ten years of his employment and further aver that as of 2009, Plaintiff was semi-retired and worked intermittently as an independent contractor for John Anchustegui as a ranch hand. Defendants admit that Plaintiff stopped working for John Anchustegui in May 2017 but deny Plaintiff was not paid wages since 2009, was not allowed access to medical care and was not provided with

enough food. Defendants deny Defendants prohibited Plaintiff from obtaining a driver's license or that he was in any way prevented from being able to freely leave the ranch during the 36 years he remained at the ranch. Defendants further aver that Defendants are in no way associated with the Division of Motor Vehicles of the Idaho Transportation Department and in no way could have prevented Plaintiff from obtaining a driver's license.

4. Defendants deny Paragraph 4 and further aver that Plaintiff was timely paid a salary and received compensation in the form of continuous room and board for over 36 years, in addition to transportation and a full-time cook.

5. Defendants deny Paragraph 5 and further aver that Plaintiff has attempted to assert claims beyond the lawful statute of limitations.

## II. JURISDICTION AND VENUE

6. Defendants admit only that Plaintiff asserts jurisdiction under federal question jurisdiction, the FLSA and AWPA but deny Plaintiff has stated a claim under any federal law.

7. Defendants admit only that Paragraph 7 is a request for supplemental jurisdiction over state law claims, but deny any Plaintiff has stated a claim under state law.

8. Regarding Paragraph 8, Defendants admit only that they are domiciled in the District of Idaho but deny Defendants' involvement in wrongful conduct in Idaho.

9. Defendants admit only that Plaintiff's allegations arise in Idaho but deny any allegations concerning Defendant corporations as those allegations are directed to entities other than these answering Defendants.

## III. PARTIES

10. Defendants admit Plaintiff worked for John Anchustegui from approximately 1981 to May 2, 2017, and that he is a lawful permanent resident in the United States.

Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations and therefore deny the same.

11. Defendants admit Paragraph 11.

12. Defendants admit Paragraph 12.

13. Defendants admit Paragraph 13 but deny Anchustegui Sheep Company is a proper party to this action.

14. Defendants deny Paragraph 14 as the allegations contained therein are directed to entities other than these answering Defendants.

15. Defendants deny Paragraph 15 as the allegations contained therein are directed to entities other than these answering Defendants.

16. Defendants deny Paragraph 16 as the allegations contained therein are directed to entities other than these answering Defendants.

17. Defendants deny Paragraph 17 as the allegations contained therein are directed to entities other than these answering Defendants.

18. Defendants deny Paragraph 18 as the allegations contained therein are directed to entities other than these answering Defendants.

## IV. STATEMENT OF FACTS

19. Defendants deny Paragraph 19 and further aver that Plaintiff is a lawful permanent resident of the United States, as asserted by Plaintiff in Paragraph 10.

20. Defendants deny Plaintiff was required to be absent overnight from his permanent place of residence but admit he lived in housing or accommodation's provided by Defendants continuously for 36 years.

21.     Defendants deny Plaintiff was employed in a seasonal or other temporary nature but admit that Plaintiff did assist other workers in lambing. Defendants deny Plaintiff worked from one seasonable activity to another, except for lambing, which occurs approximately three months out of the year. Defendants deny Plaintiff tended to a "ranch garden" or irrigated it and further aver that Plaintiff, to the extent he worked, tended to his own, personal garden on five acres of land that was gifted to him by Defendants and for which he was provided irrigation water by Defendants and that Plaintiff used the proceeds from his garden for his own personal gain.

22.     Defendants deny Paragraph 22 as the allegations contained therein are directed to entities other than these answering Defendants.

23.     Defendants deny Paragraph 23.

24.     Defendants deny that Jane Anchustegui has been doing business under any assumed name in Idaho. Defendants admit that John Anchustegui has operated under the name of Anchustegui Sheep Company but denies said entity is a proper party to this action. Defendants admit that John Anchustegui has obtained clearance orders and visas under the H-2A provisions of the Immigration and Nationality Act but deny that Plaintiff is subject to such provisions.

25.     Defendants deny Paragraph 25 as the allegations contained therein are directed to entities other than these answering Defendants.

26.     Defendants deny Paragraph 26 as the allegations contained therein are directed to entities other than these answering Defendants.

27.     Defendants deny Paragraph 27 as the allegations contained therein are directed to entities other than these answering Defendants.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL - 5

28.     Defendants deny Paragraph 28 as the allegations contained therein are directed to entities other than these answering Defendants.

29.     Defendants deny Paragraph 29 as the allegations contained therein are directed to entities other than these answering Defendants.

30.     Regarding Paragraph 30, Defendants admit only that Plaintiff's allegations concerning Defendants John and Jane Anchustegui concern all times relevant to the Complaint but deny the remaining allegations contained therein as those allegations are directed to entities other than these answering Defendants.

31.     Defendants deny Paragraph 31.

32.     Defendants deny Paragraph 32.

33.     Defendants deny Paragraph 33.

34.     Defendants admit Paragraph 34.

35.     Defendants admit Paragraph 35 but further aver that the terms of Plaintiff's employment changed to semi-retired status as of 2009.

36.     Regarding Paragraph 36, Defendants admit only that Defendants paid Plaintiff his wages they owed at the time they were due and never stopped paying Plaintiff's wages. Defendants further aver that Plaintiff received compensation in the form of continuous room and board, a private garden and a full-time cook. Defendants deny the remaining allegations.

37.     Regarding Paragraph 37, Defendants admit only that Defendants paid Plaintiff his wages for the year 2008 and every year subsequent. Defendants deny the remaining allegations.

38.     Defendants deny Paragraph 38.

39.     Regarding Paragraph 39, Defendants admit only that Defendants paid Plaintiff all monies owed to Plaintiff as an independent contractor in addition to significant monetary gifts

and deny the remaining allegations. Defendants further aver that Plaintiff's allegations in Paragraph 39 directly contradict his earlier claims.

40. Defendants deny Paragraph 40 and further aver that Plaintiff worked nowhere near twelve hours a day, seven days a week for nine years and that often times Plaintiff "worked" only on his private garden and did not work for Defendants at all.

41. Defendants deny Paragraph 41.

42. Defendants deny Paragraph 42 and specifically deny that there existed a contract between Plaintiff and Defendants.

43. Defendants deny Paragraph 43.

44. Defendants deny Paragraph 44.

45. Defendants deny Paragraph 45 and further aver that Defendants are exempt from minimum wage requirements.

46. Defendants deny Paragraph 46 and further aver that Defendants are exempt from minimum wage requirements.

47. Defendants deny Paragraph 47 and specifically deny Defendants are subject to FLSA minimum wage requirements.

48. Defendants deny Paragraph 48.

49. Defendants deny Paragraph 49.

50. Defendants deny Paragraph 50.

51. Defendants deny Paragraph 51.

52. Defendants deny Paragraph 52 and further aver that the reason Plaintiff currently receives Social Security benefits is because John Anchustegui assisted in obtaining said benefits

for Plaintiff and but for the actions of John Anchustegui, Defendant would not currently receive Social Security benefits.

53.     Defendants deny Paragraph 53 and further aver that Plaintiff has received Social Security since 2009, despite the facts he claims to have worked full-time since 2009.

54.     Defendants deny Paragraph 54.

55.     Defendants deny Paragraph 55.

56.     Defendants deny Paragraph 56. Defendants further aver that Plaintiff had full access to medical care, was provided more than adequate food prepared by a full-time cook, was provided his own 5 acre plot of land to grow food, which he consumed and sold, was provided free room and board despite the fact that Plaintiff ceased working except on a very occasional basis, that John Anchustegui personally transported Plaintiff anywhere he needed to go when he needed to go and that Plaintiff was free to leave the ranch at any time, as demonstrated by the fact that he did, in fact, leave in May of 2017.

57.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' specific medical conditions and therefore deny the same. Defendants deny the remaining allegations and further aver that John Anchustegui was on-call to take Plaintiff to receive medical care at any time.

58.     Defendants deny Paragraph 58 and further aver that employees received adequate food on a weekly basis and that employees were provided a phone to order additional food whenever they requested it.

59.     Defendants deny Paragraph 59 and further aver that Plaintiff was free to leave the ranch if he desired, that he did leave numerous times, that he was free to arrange for

transportation and that he did not seek or need John Anchustegui's permission to obtain a driver's license or to purchase a vehicle.

60. Defendants deny Paragraph 60 and further aver that not only did John Anchustegui provide Plaintiff transportation for his various needs, but that three other employees provided Plaintiff transportation. Defendants admit that Plaintiff was able to purchase rides from other individuals not working on the ranch and further aver that John Anchustegui paid for such transportation.

61. Defendants adamantly deny Paragraph 61 and further aver that Defendants treated all their employees with the utmost respect and care, providing comfortable room and board, a full-time cook and any other items or services requested by the employees. Defendants further aver that they have never before the filing of Plaintiff's Complaint been accused of providing inadequate care by any employee, including Plaintiff.

62. Defendants deny Paragraph 62.

63. Defendants deny Paragraph 63.

64. Defendants deny Paragraph 64.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

65. Defendants restate and re-allege their answer to Paragraphs 1-64 as though fully set forth herein.

66. Defendants deny Paragraph 66.

67. Defendants deny Paragraph 67.

68. Defendants deny Paragraph 68.

69. Defendants deny Paragraph 69. Defendants specifically deny that Plaintiff worked twelve hours per day, 365/366 days per year or that Plaintiff is entitled to minimum wage under the FLSA. Defendants further aver that Plaintiff is attempting to recover alleged damages not lawfully permitted by the relevant statute of limitations and that Plaintiff has inapplicably attempted to exceed the statute of limitations by six years.

### SECOND CLAIM FOR RELIEF: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

70. Defendants restate and re-allege their answers to Paragraphs 1-69 as though fully set forth herein.

71. Defendants deny Paragraph 71 and all subparts therein.

72. Defendants deny Plaintiff is entitled to any recovery against Defendants.

73. Defendants deny Paragraph 73.

### THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

74. Defendants restate and re-allege their answers to Paragraphs 1-73 as though fully set forth herein.

75. Defendants deny Paragraph 75.

76. Defendants deny Paragraph 76.

77. Defendants deny Paragraph 77.

78. Defendants deny Paragraph 78 and further allege that Plaintiff is attempting to recover alleged damages not lawfully permitted by the relevant statute of limitations.

### FOURTH CLAIM FOR RELIEF: IDAHO CLAIMS FOR WAGES LAW

79. Defendants restate and re-allege their answers to Paragraphs 1-78 as though fully set forth herein.

80. Defendants deny Paragraph 80.

81. Defendants deny Paragraph 81.

82. Defendants deny Paragraph 82. Defendants specifically deny that Plaintiff worked 12 hours per day every day since January 1, 2009. Defendants further aver that Defendants are exempt from minimum wage laws and that Plaintiff is attempting to recover alleged damages not lawfully permitted by the relevant statute of limitations.

83. Defendants deny Paragraph 83. Defendants specifically deny that Plaintiff worked twelve hours per day, 365/366 days per year or that he is entitled minimum wage. Defendants further aver that treble damages do not apply and that Plaintiff is attempting to recover alleged damages not lawfully permitted by the relevant statute of limitations.

### FIFTH CLAIM FOR RELIEF: IDAHO MINIMUM WAGE LAW

84. Defendants restate and re-allege their answers to Paragraphs 1-83 as though fully set forth herein.

85. Defendants deny Paragraph 85 and further aver that Plaintiff is attempting to recover alleged damages not lawfully permitted by the relevant statute of limitations.

86. Defendants deny Paragraph 86.

87. Defendants deny that Plaintiff worked twelve hours per day, 365/366 days per year or that Plaintiff is entitled to recovery of any wages under the Idaho Code and further avers that Plaintiff is attempting to recover alleged damages not lawfully permitted by the relevant statute of limitations.

## SIXTH CLAIM FOR RELIEF: CONTRACT IMPLIED IN LAW/

## UNJUST ENRICHMENT

88. Defendants restate and re-allege their Answers to Paragraphs 1-87 as though fully set forth herein.

89. Defendants deny Paragraph 89.

90. Defendants deny Paragraph 90.

91. Defendants deny Paragraph 91 and further aver that during the relevant time period Plaintiff "worked" nearly exclusively for himself by maintaining his own garden, which was gifted to him by John Anchustegui. Defendants further aver that Plaintiff was compensated more than the full value of the labor he did perform for John Anchustegui.

## SEVENTH CLAIM FOR RELIEF: INTENTIONAL INFLICATION OF

## EMOTIONAL DISTRESS

92. Defendants restate and re-alleged their answers to Paragraphs 1 through 91 as through fully set forth herein.

93. Defendants deny Paragraph 93.

94. Defendants deny Paragraph 94 and further aver that John Anchustegui personally provided or obtained transportation for Plaintiff to leave the ranch, that John Anchustegui was on-call for Plaintiff's medical needs and that Plaintiff was provided all meals, which were prepared by a private cook.

95. Defendants deny Paragraph 95.

96. Defendants deny Paragraph 96.

97. Defendants deny Paragraph 97.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL - 12

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, including without limitation, 29 U.S.C. § 255 and Idaho Code § § 44-1508 & 45-614. By asserting this defense Defendants do not waive the ability to set forth their statutory exemptions under the applicable federal and state minimum wage statutes.

## FOURTH DEFENSE

The Complaint, and each purported cause of action contained therein, is barred because Plaintiff was at all relevant times exempt from coverage under 29 U.S.C. § 213(6)(A).

## FIFTH DEFENSE

The Complaint, and each purported cause of action contained therein, is barred because Plaintiff was at all relevant times exempt from coverage under 29 U.S.C. § 213(6)(E).

## SIXTH DEFENSE

The Complaint, and each purported cause of action contained therein, is barred because Plaintiff was at all relevant times exempt from coverage under Idaho Code § 44-1504(6)(d).

## SEVENTH DEFENSE

Plaintiff's demand for equitable relief is improper because plaintiff has an adequate remedy at law.

## EIGHTH DEFENSE

Defendants fully performed each term of the agreement between them, if any, and Plaintiff has received the full consideration agreed upon.

## NINTH DEFENSE

Defendants' alleged conduct was authorized by state and federal labor laws, including without limitation, 29 U.S.C. § 29 U.S.C. § 201, et seq., 29 U.S.C. § 3101, et seq., Idaho Code § 45-601, et seq., and Idaho Code § 44-1501, et seq.

## TENTH DEFENSE

Defendants undertook all alleged acts or omissions in good faith and in conformity with the orders, rulings, regulations or interpretations from the Wage and Hour Division of the U.S. Department of Labor.

## ELEVENTH DEFENSE

Defendants acted in good faith and had reasonable grounds to believe it was not violating any state or federal labor law.

## TWELFTH DEFENSE

Defendants are entitled to a set-off for any amounts already paid to Plaintiff to which Plaintiff was not entitled.

## THIRTEENTH DEFENSE

Plaintiff's personal cultivation of his private garden does not count as work and is not compensable.

## FOURTEENTH DEFENSE

Plaintiff is comparatively responsible for the damages alleged in the Complaint pursuant to Idaho Code § 6-801.

## FIFTEENTH DEFENSE

Plaintiff did expressly or impliedly give consent to Defendants to place Plaintiff on a semi-retired status pursuant to Plaintiff's request upon receiving Social Security benefits.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL - 14

## SIXTEENTH DEFENSE

Plaintiff's action is barred herein by reason of failure of consideration.

## SEVENTEENTH DEFENSE

Plaintiff has failed to take reasonable steps to mitigate the claimed or alleged damage.

## EIGHTEENTH DEFENSE

Plaintiff's action for breach of contract cannot be maintained because Plaintiff's attempt to receive Social Security retirement benefits and full salary is barred by applicable federal law.

## NINETEENTH DEFENSE

Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any cause of action against Defendants and that such laches and unreasonable delay were without good cause and substantially prejudiced Defendants.

## TWENTIETH DEFENSE

The alleged agreement set forth in the Complaint is void for want of consideration and/or mutuality of obligation.

## TWENTY-FIRST DEFENSE

That some or all of the claims set forth in Plaintiff's Complaint with regard to damages have been the subject of payment by Defendants and to the extent payment has been received and accepted by Plaintiff, which payment includes room and board, those items of damages have been paid and recovery in the present lawsuit would result in unjust enrichment to Plaintiff.

## TWENTY-SECOND DEFENSE

The Complaint, and each and every alleged cause of action therein are barred, in whole or in part, by the doctrine of waiver.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL - 15

## TWENTY-THIRD DEFENSE

The Complaint, and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

## TWENTY-FOURTH DEFENSE

The request for declaratory and/or injunctive relief is barred with respect to any and all alleged violations of the FLSA, the AWPA, the Idaho Minimum Wage Law or any other state or federal law that have discontinued, ceased, and are not likely to recur.

## TWENTY-FIFTH DEFENSE

Each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced pursuant to the doctrine of avoidable consequences.

## TWENTY-SIXTH DEFENSE

Defendants reserve the right to set forth additional defenses and claims that may arise in the course of additional investigation and discovery.

## DEFENDANTS' COUNTERCLAIM

Defendant John Anchustegui hereby asserts the following Counterclaim against Plaintiff Sabino Leibar.

## PARTIES

1.   Plaintiff Sabino Leibar resides in Canyon County in the State of Idaho.

2.   Defendant John Anchustegui is an individual residing in Idaho, and the owner of certain real property located in Bruno, Idaho.

## FACTS CONCERNING BREACH OF BAILMENT AGREEMENT

3.   At various times during the years 2015, 2016 and 2017, Plaintiff and John Anchustegui entered into a bailment agreement whereby Plaintiff could have the use of certain

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL - 16

farming equipment and vehicles owned by John Anchustegui, including a Massey Ferguson Tractor, a tractor loader, a bail loader, a manure spreader and three camp wagons (hereinafter "the Equipment").

4. The parties agreed that Plaintiff could use the Equipment on land maintained by Plaintiff for Plaintiff's personal use and that Plaintiff would redeliver the Equipment to John Anchustegui in the same condition in which it was delivered.

5. The Equipment was delivered to Plaintiff for the agreed upon purpose in good, operable condition.

6. Plaintiff used the Equipment in a reckless and negligent manner, thereby causing significant damage to the all the Equipment.

7. The Equipment was not redelivered to John Anchustegui in the same condition as when it was delivered to Plaintiff but was redelivered with significant damage caused by Plaintiff's reckless and negligent conduct.

8. Plaintiff had a duty to exercise reasonable care to return the Equipment in the same condition it was in when delivered.

9. Plaintiff breached his duty to John Anchustegui by recklessly and negligently using the Equipment and causing significant damage.

10. The amount of damage caused by Plaintiff exceeds $30,000.

11. Plaintiff's breach of the agreement is the direct and proximate cause of damages suffered by John Anchustegui in an amount to be determined at trial.

WHEREFORE, based on the foregoing, Defendants respectfully request that this Court:

1. Enter judgment for John Anchustegui on its count for breach of the Bailment Agreement;

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL - 17

2. Dismiss with prejudice Plaintiff's Complaint and that Plaintiff takes nothing thereby;

3. Award Defendants their damages, legal fees and costs arising out of this matter;

4. Award such other and further relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

Defendant hereby requests a trial by jury.

DATED this 15th day of November, 2017

ANDERSON, JULIAN & HULL LLP

By_____
Brian K. Julian, Of the Firm
Attorneys for Defendants John Anchustegui
and Jane Anchustegui

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2017, I served a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Erik S. Johnson<br>Idaho Legal Aid Services, Inc.<br>1104 Blaine Street<br>Caldwell, ID 83605<br>T: (208) 454-2591, Ext. 1404<br>F: (208) 454-2593<br>E: erikjohnson@idaholegalaid.org<br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ E-Mail<br>☒ ECF |
| Howard A. Belodoff<br>Jennifer Ann Giuttari<br>Idaho Legal Aid Services, Inc.<br>1447 S. Tyrell Lane<br>Boise, ID 83706<br>T: (208) 336-8980, Ext. 1106 and 1506<br>F: (208) 342-2561<br>E: howardbelodoff@idaholegalaid.org<br>   jennifergiuttari@idaholegalaid.org<br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand-Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ E-Mail<br>☒ ECF |

_____
Brian K. Julian