UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SABINO LEIBAR,<br><br>                    Plaintiff,<br><br>    v.<br><br>JOHN ANCHUSTEGUI, JANE<br>ANCHUSTEGUI,<br><br>                    Defendants. | Case No. 1:17-CV-00415-BLW<br><br>**ORDER** |

Upon request of the parties, this matter has been referred by United States District Judge B. Lynn Winmill for a settlement conference. Having reviewed the matter and being fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)      A settlement conference is set to take place on **February 20, 2018** *at* **9:30 a.m.** at the United States Courthouse in **Boise** before United States Magistrate Judge Candy Wagahoff Dale.

2)      Each party to such settlement conference shall be represented by counsel authorized to participate in settlement negotiations.

3)      The **parties, principals, and/or insurance representatives** to the litigation shall attend the conference **in person** unless specifically excused by Judge Dale

**ORDER - 1**

beforehand. All parties shall be **personally present** and must be represented by lead or chief counsel authorized to participate in settlement negotiations. In the case of businesses, corporations, governmental entities, etc., a representative for every party with **full settlement authority** must be **personally present** at the settlement conference.[1] If any of the parties are appearing or defending the action under an insurance agreement, an insurance company representative **fully authorized** to settle the case must be **personally present** at the settlement conference.

4)      Counsel will be required to be knowledgeable about the facts of the case and prepared to candidly discuss the same with the settlement judge and in the presence of his or her client(s).

5)      Settlement Conference Questionnaire (***see attached form***):      Each party shall prepare a response to the questionnaire and **submit it to Judge Dale's chambers for *in camera* review *no later than* <u>February 13, 2018</u>.** The response to the questionnaire should candidly assess the strengths and weaknesses of the case from each party's respective position, and it <u>should not exceed five pages</u>. **This response and any**

---

[1] The term "authority to settle" means the party's representative attending the settlement conference must hold such a position in relation to the party that allows him or her to "speak definitively and to commit the [party] to a particular position in the litigation." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The appropriate representative must have "unfettered discretion and authority" to change the settlement position of the party and not merely possess limited or "capped" settlement authority. *Pitman v. Brinker Int'l Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Id.*

**ORDER - 2**

**attachments shall be submitted via hand delivery to chambers or via overnight mail,**

**but shall in no event be filed electronically. If the response and attachments total**

**thirty (30) pages or less, they can be submitted via e-mail in .pdf format after**

**contacting chambers at (208) 334-9111 to obtain the e-mail address.**

6) All information provided to Judge Dale for settlement purposes will be held

in confidence and all written material submitted shall be returned to the submitting party

or destroyed upon termination of the settlement proceedings.

7) No oral statement, written document, or other material considered during

the settlement procedure may be used against any party to this litigation.   Further,

pursuant to Dist. Idaho Loc. Civ. R. 16.4(b), none of the matters or information discussed

during the conference will be communicated to the trial judge.

**IT IS SO ORDERED.**

DATED: January 19, 2018

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER - 3**

**ORDER -  4**

SETTLEMENT CONFERENCE QUESTIONNAIRE

SUBMITTED BY:  _____

ATTORNEY FOR:  _____

**NOTE:   Please use attachments where necessary.   If the total number of pages of the response and attachments exceeds 30 pages, please provide paper copies to chambers.   All documents submitted should be punched for a three-ring binder.   Responses of 30 pages or less may be submitted via e-mail in .pdf format.**

1.      Statement of facts pertinent to settlement.
2.      Plaintiff's theories of recovery if not obvious.
3.      If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).
4.      Damages - Plaintiff should list the specials incurred and claimed.   Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.
5.      Summarize the bona fide disputes regarding damages.
6.      Weaknesses in your case/defense.
7.      Evaluation of fair settlement: $_____; Non-economic relief, if any.
8.      May the court disclose these figures or demands to the opposing party at the commencement of the conference?   yes _____     no _____
9.      If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?   Discuss.
10.     Are there viable sources from whom the Defendant(s) may seek contribution?
11.     Describe the history of settlement negotiations, if any.
12.     Do you feel the other party has negotiated in good faith?   Discuss.
13.     Does either party have client problems which affect these negotiations?
14.     Do client and attorney disagree on the settlement value?   Discuss.
15.     What factors not discussed above have hampered settlement negotiations?
16.     State your opinion as to the bona fide chance for settlement in this matter. _____%
17.     Are there legal questions which effectively bar serious settlement negotiations?   Discuss.
18.     Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations?   yes _____     no _____
19.     Are mediation or arbitration of certain areas or the entire matter viable options?   Discuss.
20.     Do Defendants (if more than one) want separate or joint conferences with the judge when Plaintiff(s) is excluded?
21.     Do Plaintiffs (if more than one) want separate or joint conferences with the judge when Defendant(s) is excluded?
22.     Litigation expenses:   To date $_____; Estimate of present to conclusion

**ORDER - 5**

$_____.